IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | CRIMINAL NO EP-04-CR-2091KC |
| v. | § | |
| | § | |
| FLORITA CEDRO TOLENTINO, | § | |
| NOEL CEDRO TOLENTINO, | § | |
| ANGELICA TOLENTINO, | § | |
| | | |
| UNITED STATES OF AMERICA, | § | CRIMINAL NO EP-04-CR-2092KC |
| | § | |
| v. | § | |
| | § | |
| NOEL CEDRO TOLENTINO, | § | |
| | | |
| UNITED STATES OF AMERICA | § | CRIMINAL NO. 04-CR-2093KC |
| | § | |
| v | § | |
| | § | |
| NOEL CEDRO TOLENTINO, | § | |
| | | |
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. 04-CR-2094KC |
| | § | |
| v. | § | |
| | § | |
| ROLANDO SOTELO, | § | |

**GOVERNMENT'S BENCH BRIEF ON
SCOPE OF THE CO-CONSPIRATOR AND AGENCY HEARSAY RULES**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW the United States of America, by and through the United States

Attorney for the Western District of Texas and the undersigned Assistant United States

Attorney, and files this bench brief on the scope and applicability of the co-conspirator

hearsay rule in connection with the above-entitled matter, and for good cause would show unto this Honorable Court the following:

## I.    The Co-Conspirator Hearsay Rule

As the Court is aware, the co-conspirator hearsay rule provides a statement is not hearsay if it is being offered against a party and is "a statement by a conspirator of a party during the course of and in furtherance of the conspiracy."  Fed. R. Evid. 801(d)(2)(E).  The Supreme Court often has reaffirmed the importance of co-conspirator statements as a means of proof.  Indeed, the Court indicated such statements "are usually irreplaceable as substantive evidence" in part because they "provide evidence of the conspiracy's context that cannot be replicated."  United States v. Landi, 475 U.S. 387, 395-96 (1986).

Co-conspirator statements are admissible if the trial court finds, by a preponderance of the evidence, that: (1) a conspiracy existed, (2) the declarant and the defendant against whom the declarations are offered were members of the conspiracy or acting as agents of each other, and (3) the statements were made in the course of and in furtherance of the conspiracy.  See United States v. Brown, 943 F.2d 1246, 1254 (10th Cir. 1991).

### A.  Proving the Existence of a Conspiracy and the Identity of the Conspirators

To establish the existence of a conspiracy, the Government must prove the following four elements:  (1) two or more persons agreed to violate the law; (2) the defendant knew at least the essential objectives of the conspiracy; (3) the defendant

willfully entered the conspiracy;[1] and (4) a conspirator performed an overt act in furtherance of the conspiracy.[2]  United States v. Peterson, 244 F.3d 385, 389 (5th Cir. 2001); United States v. Richards, 204 F.3d 177, 208 (5th Cir. 2000).

For purposes of invoking the co-conspirator hearsay rule, the Government need only prove the existence of the conspiracy by a preponderance of the evidence.  See Bourjaily v. United States, 483 U.S. 171, 173-74 (1987).  Furthermore, once the existence of the conspiracy is established, the Government need only establish a slight connection between the conspiracy and each defendant against whom the statements are offered.  See United States v. Tranakos, 911 F.2d 1422, 1430 (10th Cir. 1990). A defendant may be presumed to be a knowing member of the conspiracy when he or she acts in furtherance of the conspiracy's objective.  Id.

In deciding whether the Government has proved the existence of the conspiracy and the defendants' connection to it, the Court may consider hearsay evidence, including the statements sought to be admitted as co-conspirator hearsay statements. See Bourjaily, 483 U.S. at 178.  Additionally, due to common order of proof problems in conspiracy cases, the Court may allow co-conspirator statements into evidence, subject to the government's "connecting up" the evidence to the conspirators later in

---

[1]

However, "[a] defendant need not have knowledge of all the details or all the members of the conspiracy and may play only a minor role."  United States v. Savaiano, 843 F.2d 1280, 1294 (10th Cir.), cert. denied, 488 U.S. 836 (1988).

[2]

This element should be deleted for alleged conspiracies not requiring proof of overt acts such as drug and alien smuggling conspiracies.

the trial.  See, e.g., United States v. Cardall, 885 F.2d 656, 669 (10th Cir. 1989).

"An individual need not be indicted to be considered a co-conspirator for the purposes of rule 801(d)(2)(E)."  United States v. Williams, 989 F.2d 1061, 1067 (9th Cir. 1993); see also, United States v. Adkins, 842 F.2d 210, 213 (8th Cir. 1988). Additionally, a statement need not be made to another co-conspirator, as long as it advances the common objective of the conspiracy or sets in motion a transaction integral to the conspiracy.  See, e.g., United States v. Williamson, 53 F.3d 1500, 1520 (10th Cir.), cert. denied, 133 L. Ed. 2d 149 (1995); United States v. McMurray, 34 F.3d 1405, 1412 (8th Cir. 1994), cert. denied, 513 U.S. 1179 (1995); Williams, 989 F.2d at 1068; United States v. Beech-Nut Nutrition Corporation, 871 F.2d 1181, 1199 (2d Cir.), cert. denied, 493 U.S. 933 (1989).  Finally, Rule 801(d)(2)(E) has no Rule 602 personal knowledge requirement.  See United States v. Goins, 11 F.3d 441, 443-44 (4th Cir. 1993).

**B.     During the Course of and In Furtherance of the Conspiracy**

To determine whether a statement was made during the course of the alleged conspiracy, the Court must look to the nature, extent and scope of a conspiracy.  See United States v. Perez, 989 F.2d 1574, 1579 (10th Cir. 1993).  "A co-conspirator statement is made 'during the course' of the conspiracy if it is made before 'the objectives of the conspiracy have either failed or been achieved.'"  United States v. Owens, 70 F.3d 1118, 1126 (10th Cir. 1995), quoting Perez, 989 F.2d at 1579.

To determine whether a statement was made in furtherance of the conspiracy, the Court must decide whether it is intended to promote the conspiratorial objectives.

See id. at 1578.  The focus of this inquiry is not on the statement's actual effect in

advancing the goals of the conspiracy, but on the declarant's intent in making the

statement.  See id.

> No talismanic formula exists for ascertaining whether a particular
> statement was intended by the declarant to further the conspiracy and is
> therefore admissible in accordance with the agency theory of conspiracy.
> . . . To the contrary, this determination must be made by examining the
> context in which the challenged statement was made.

Perez, 989 F.2d at 1578-79; see also, United States v. Wolf, 839 F.2d 1387, 1393

(10th Cir.), cert. denied, 488 U.S. 923 (1988).  The "in furtherance" element is

construed broadly and liberally.  See, e.g., United States v. Snyder, 930 F.2d 1090,

1095 (5th Cir.1991); United States v. Byrom, 910 F.2d 725, 736 (11th Cir. 1990)(in

furtherance does not require that the statement be necessary to the conspiracy); United

States v. Monroe, 866 F.2d 1357, 1363 (11th Cir. 1989); United States v. Leisure,

844 F.2d 1347, 1361 (8th Cir.), cert. denied, 488 U.S. 932 (1988); United States v.

Ammar, 714 F.2d 238, 253 (3d Cir.)(given a practical interpretation), cert. denied, 464

U.S. 936 (1983).

Statements in furtherance of the conspiracy take many forms, including the

following:

(1)     Statements which encourage a co-conspirator to act or induce continued

participation;[3]

---

[3]     United States v. Williamson, 53 F.3d 1500, 1520 (10th Cir. 1995); United
States v. Doerr, 886 F.2d 944, 951 (7th Cir. 1989); United States v. Tarantino, 846 F.2d
1384 (D.D.C.), cert. denied, 488 U.S. 867 (1988); United States v. Paone, 782 F.2d 386,
391 (2d Cir. 1986), cert. denied, 483 U.S. 1019 (1987); United States v. Bentley, 706
(continued...)

(2)     Statements which enhance the co-conspirator's usefulness;[4]

(3)     Statements inviting or recruiting others to participate in a stage of the conspiracy, even if invitation is declined;[5]

(4)     Statements that keep co-conspirators informed of the status or progress of the conspiracy;[6]

(5)     Statements providing background to help a co-conspirator carry out his duties;[7]

---

[3] (...continued)
F.2d 1498, 1506-07 (8th Cir. 1983)(enlisting aid, advice), cert. denied, 467 U.S. 1209 (1984).

[4]

Tarantino, 846 F.2d at 1412.

[5]

United States v. Guyton, 36 F.3d 655, 659 (7th Cir. 1994); United States v. Mayberry, 896 F.2d 1117, 1122 (8th Cir. 1990); United States v. Snyder, 930 F.2d 1090, 1095 (5th Cir. 1991); United States v. Herrero, 893 F.2d 1512, 1527 (7th Cir.), cert. denied, 496 U.S. 927 (1990); United States v. Monroe, 866 F.2d 1357, 1363 (11th Cir. 1989); Tarantino, 846 F.2d at 1412; United States v. Xheka, 704 F.2d 974, 985-986 (7th Cir.), cert. denied, 464 U.S. 993 (1983).

[6]

United States v. Flores-Rivera, 56 F.3d 319, 330 (1st Cir. 1995)(reporting of significant events); United States v. Williams, 989 F.2d 1061, 1068 (9th Cir. 1993); Mayberry, 896 F.2d at 1121; Herrero, 893 F.2d at 1528; United States v. Hitow, 889 F.2d 1573, 1581 (6th Cir. 1989); Doerr, 886 F.2d at 951; United States v. Molinaro, 877 F.2d 1341, 1345 (7th Cir. 1989); United States v. Traitz, 871 F.2d 368, 399-400 (3d Cir.), cert. denied, 493 U.S. 821 (1989); Monroe, 866 F.2d 1357, 1363 (11th Cir. 1989); United States v. Mealy, 851 F.2d 890, 901 (7th Cir. 1988)(including discussions of status of investigation); Tarantino, 846 F.2d at 1412; Paone, 782 F.2d 386, 391 (2d Cir. 1986); United States v. Ammar, 714 F.2d 238, 253 (3d Cir. 1983).

[7]

Guyton, 36 F.3d at 659; Tarantino, 846 F.2d at 1413.

(6)     Statements intended to cover up the conspiracy to avoid detection by law enforcement;[8]

(7)     Statements as encouraging a co-conspirator or other person to advance or promote the objectives of the conspiracy;[9]

(8)     Statements making plans to collect money due;[10]

(9)     Statements providing reassurance;[11]

---

[8]

Williamson, 53 F.3d at 1520; United States v. Brookins, 52 F.3d 615, 623 (7th Cir. 1995); Williams, 989 F.2d at 1069 (admonition not to tell anyone); Mayberry, 896 F.2d at 1122; United States v. Blakey, 960 F.2d 996, 998 (11th Cir. 1992)(concealing or impeding investigation); Herrero, 893 F.2d at 1528; United States v. Beech-Nut Nutrition Corporation, 871 F.2d 1181, 1199 (2d Cir. 1989); United States v. Kragness, 830 F.2d 842, 866 (8th Cir. 1987); United States v. Howard, 770 F.2d 57, 60-61 (6th Cir. 1985)(arson), cert. denied, 475 U.S. 1022 (1986); United States v. Tille, 729 F.2d 615, 620 (9th Cir.)(formulating future strategies of concealment, even if narrating past events), cert. denied, 469 U.S. 845 (1984); Xheka, 704 F.2d at 985 (concealing fact that fire was an arson to collect insurance proceeds); United States v. Haldeman, 559 F.2d 31, 110-11 (D.D.C. 1976)(en banc), cert. denied, 431 U.S. 933 (1977); United States v. Osticco, 580 F. Supp. 484, 488 (M.D. Pa.)(a present concern with continuing a portrayal or impression about past misdeeds makes narrations of past events in furtherance), aff'd, 738 F.2d 424 (3d Cir. 1984), cert. denied, 469 U.S. 1158 (1985).

[9]

United States v. Clark, 18 F.3d 1337, 1342 (6th Cir. 1994); Tarantino, 846 F.2d at 1412; United Staets v. Jerkins, 871 F.2d 598, 606 (6th Cir. 1989) (statements which prompt a listener to act in a manner which facilitates carrying out the conspiracy are admissible).

[10]

Xheka, 704 F.2d at 985-86; United States v. Hamilton, 689 F.2d 1262, 1270 (6th Cir. 1982), cert. denied, 459 U.S. 1117 (1983).

[11]     Williamson, 53 F.3d at 1520; Molinaro, 877 F.2d at 1345; Traitz, 871 F.2d at 399; Monroe, 866 F.2d at 1363 (allaying suspicions and fears); Mealy, 851 F.2d at 901 (reassurance of trustworthiness); Ammar, 714 F.2d at 252; United States v. Mason, 658 F.2d 1263, 1270 (9th Cir. 1981).

(10)   Statements for the purpose of maintaining trust and cohesiveness among

conspirators;[12]

(11)   Statements familiarizing others with the various members of the

conspiracy, including identifying members and their roles;[13]

(12)   Statements intended to conceal the conspiracy or the true circumstances

surrounding events;[14]

(13)   Statements for the purpose of damage control.[15]

**III.   The Admission of Co-Conspirator Statements Does Not Violate *Crawford***

Any contention the admission of a co-conspirator statement would violate

Crawford v. Washington, 541 U.S. 36 (2004), easily is laid to rest.

> Statements made by a co-conspirator during the course and in furtherance
> of the conspiracy are by their nature generally nontestimonial and thus are
> routinely admitted against an accused despite the absence of an
> opportunity for cross-examination.

---

[12]

Molinaro, 877 F.2d at 1345; Traitz, 871 F.2d at 399; United States v. Leisure, 844 F.2d 1347, 1361-62 (8th Cir. 1988)(statements to solidify and facilitate the conspiracy are in furtherance, even if statements include discussions of past events); Ammar, 714 F.2d at 252.

[13]

Flores-Rivera, 56 F.3d at 330; Williamson, 53 F.3d at 1520; Guyton, 36 F.3d at 659; Hitow, 889 F.2d at 1581; United States v. Peveto, 881 F.2d 884, 852 (10th Cir.), cert. denied, 493 U.S. 943 (1989); United States v. Lambros, 564 F.2d 26, 30 (8th Cir. 1977), cert. denied, 434 U.S. 1074 (1978).

[14]

United States v. Phillips, 219 F.3d 404, 419 (5th Cir. 2000); Howard, 770 F.2d at 60-61(arson); Xheka, 704 F.2d at 985 (concealing fact that fire was an arson to collect insurance proceeds).

[15]

Herrero, 893 F.2d at 1527; Doerr, 886 F.2d at 951; Molinaro, 877 F.2d at 1345.

United States v. Holmes, 406 F.3d 337, 348 (5th Cir. 2005); United States v. Delgado, 401 F.3d 290, 299 (5th Cir. 2005) ("*Crawford* is not applicable to [hearsay statements made during the course and in furtherance of a conspiracy] because they are not testimonial hearsay statements"); United States v. Reyes, 362 F.3d 536, 540 n. 4 (8th Cir. 2004 (rejecting *Crawford* argument on grounds that co-conspirator statements are non-testimonial).  As such, the statements sought to be admitted in this trial cannot be excluded as violative of the defendants' Sixth Amendment right of confrontation as announced in *Crawford.*

**IV.     Application of Rule to Non-Present Defendants**

In the instant matter, several defendants are not on trial at this time on the four (4) consolidated indictments.  The corporate/business defendants –  Omni Consortium, Inc; Multicultural Professionals, LLC; and Multicultural Educational Consultants (MEC) –  have not appeared.  Likewise, defendants Cesar James ("CJ") Librodo and Owen Carsi Cruz have not been arrested as they are outside the jurisdiction of the Court. Finally, defendants Irene Raye Lokey, Mario Aguilar, Magdalena Aguilar, Melchor Louis ("Loy") Lebayan and Juan Canales have pled guilty to charges arising from the facts of this case.  Nevertheless, out-of-court statements by these persons and agents of the business entities are admissible in this trial under the co-conspirator hearsay rule and the rule of agency.

It is well-settled the application of the co-conspirator hearsay rule –  which provides declarations and acts of a participant in a criminal conspiracy, made in connection with and during the conspiracy, are admissible as an exception to the

hearsay rule –  is not limited to situations where the declarant is a co-defendant. United States v. Williams, 989 F.2d 1061, 1067 (9th Cir. 1993); see also, United States v. Adkins, 842 F.2d 210, 213 (8th Cir. 1988); United States v. Jones, 542 F.2d 186 (4th Cir. 1976).

Additionally, the statements of the employees and agents of the defendants and their business entities are admissible as non-hearsay.  Under Federal Rule of Evidence 801(d)(2):

> (d) **Statements which are not hearsay.**  A statement is not hearsay if –
>
> (2) **Admission by party-opponent.**  The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity … (C) a statement by a person authorized by the party to make a statement concerning the subject or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Herein, testimony from numerous witnesses has shown that Multicultural Educational Consultants (MEC), Omni Consortium, Inc. and Multicultural Professionals, LLC were interconnected and acted as the agents of each other; there appears no corporate or business distinction between the three entities.  All were managed and directed, at least to some extent, by defendants Florita Tolentino, Noel Tolentino and Angelica Tolentino; defendant Roland Sotello was Omni Consortium's representative in the Rio Grande Valley.  Additionally, Josephine Sanchez testified she was the manager of Multicultural Educational Consultants (MEC) in the Philippines during much of the time the acts alleged in the Superceding Indictment occurred.  She further testified she worked directly or and took orders from defendant Florita Tolentino and

10

the employees of Mrs. Tolentino's United States' companies, Omni Consortium, Inc.

and Multicultural Professionals, LLC.

A statement is not hearsay if it is offered against a party and is a statement by

the party's agent or representative within the scope of the persons agency or

employment, and made during the existence of the relationship.  United States v.

Wiedyk, 71 F.3d 602 (6th Cir. 1995); United States v. Sudeen, 434 F.3d 384 (5th Cir.

2005) (finding that investment company operators were agents and/or co-conspirators

of fraud defendant, and thus their out-of-court statements were not hearsay, was

supported by evidence they had acted in a manner leading investors to believe that they

were defendant's "associates" or "partners").

**CONCLUSION**

The Government understands the concern the Court may have regarding the

admission of co-conspirator and agents' statements in this white-collar fraud and alien

smuggling case.   Nevertheless, the Government has proven the existence of the

conspiracies and the co-conspirators' involvement therein.

Given the broad, liberal construction of the "in furtherance" requirement, and

given the many types of statements outlined above which can be "in furtherance", the

Government respectfully submits the Court should admit the out-of-court statements

by persons working at Multicultural Educational Consultants (MEC), including Josephine

Sanchez; persons working for Omni Consortium, Inc/Multicultural Professionals, LLC;

and Juan Canales, among others.   To do otherwise unduly jeopardizes the

Government's ability to prosecute this complex, historical conspiracy, as well as other

such conspiracies in the future.

In accordance with the law, the Government believes this Honorable Court can allow these contested statements.   The Government has proved the necessary prerequisites for the admission of co-conspirator statements discussed above.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

/s/

By:

J. BRANDY GARDES
Assistant U.S. Attorney
Calif. Bar No. 144770

/s/

WILLIAM F. LEWIS, JR.
Assistant U.S. Attorney
TX Bar No. 12314550
U.S. Attorney Office
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
(915)534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2007, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

JOSEPH SIB ABRAHAM,JR.                          Attorney for Florita Tolentino
PO Box 512312
El Paso, TX 79951

RONALD F. EDERER, ESQ                    Attorney for Noel Tolentino
1020 N.E. Loop 410, Ste 270
San Antonio, TX 78209


CHRISTOPHER ANTCLIFF, ESQ               Attorney for Angelica Tolentino
521 Texas Avenue
El Paso, Texas 79901


SIDNEY A. LYLE, ESQ.                    Attorney for Roland Sotello
1858 E. Keller Parkway, Ste. B
Keller, Texas 76248




                                         /s/_____
                                         J. Brandy Gardes,
                                         Assistant United States Attorney